IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL GLASTON MUIR, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 16-2256 |
| | : | |
| v. | : | |
| | : | |
| CYNTHIA LINK, Superintendent of SCI | : | |
| Graterford; THE DISTRICT ATTORNEY | : | |
| OF THE COUNTY OF MONTGOMERY; | : | |
| and THE ATTORNEY GENERAL OF THE | : | |
| STATE OF PENNSYLVANIA, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

Smith, J.                                                        September 21, 2021

The *pro se* petitioner, who is currently serving a life sentence after a jury convicted him of

first-degree murder in 2004, sought habeas relief under 28 U.S.C. § 2254 in this court in 2016 after

unsuccessfully pursuing his claims on direct appeal and collateral review in the Pennsylvania state

courts. Ultimately, the court here denied his habeas petition after finding that one of his claims –

that his trial counsel was ineffective for failing to investigate and call a witness that would have

been relevant to an imperfect self-defense theory – was procedurally defaulted, and that the other

claims lacked merit. The petitioner appealed from the denial of his habeas petition, but the Third

Circuit Court of Appeals denied his request for a certificate of appealability and the United States

Supreme Court denied his petition for a writ of certiorari.

With regard to the ineffective assistance of counsel claim that the court previously

determined the petitioner had procedurally defaulted, the petitioner has filed a motion seeking

relief from the order denying his habeas petition under Rule 60(b)(6) of the Federal Rules of Civil

Procedure. The petitioner claims that the court improperly applied *Martinez v. Ryan*, 566 U.S. 1

(2012) insofar as the court allegedly placed the responsibility for raising trial court's ineffectiveness on him, rather than on PCRA counsel.

As discussed below, although the court finds that the instant motion is a proper Rule 60(b) motion and not an improperly filed second or successive section 2254 motion, the court will deny the motion because the court lacks jurisdiction to consider it insofar the claim raised relating to *Martinez* could have been included in the petitioner's prior appeal. In addition, even if the court had jurisdiction to consider the claim in the motion, the court would deny the motion because the claim is meritless.

## I.   BACKGROUND AND PROCEDURAL HISTORY

In August 2004, a jury in the Court of Common Pleas of Montgomery County found the *pro se* petitioner, Joel Glaston Muir ("Muir"), guilty of numerous offenses including first-degree murder.[1] *See* R. & R. at 2, Doc. No. 31. In December 2004, Muir was sentenced to two concurrent

---

[1] The docket number for Muir's underlying criminal case is No. CP-46-CR-1707-2004 (Montgomery Cnty. Com. Pl.). With regard to the facts underlying this case, the Superior Court of Pennsylvania summarized them as follows:

> Around 2:00 a.m., on August 3, 2001, in the parking lot of the Sunnybrook Ballroom, [Muir], co-defendant Nicholas Roberts, and two unidentified men, riding in a maroon Toyota Camry, approached one Rian Wallace, who was standing in the parking lot, and began yelling, "New York Crips." The two unidentified men exited the vehicle and began doing a gang ritual dance around Wallace, purportedly alerting Wallace to the fact they were members of the Crips street gang. [Muir] then also exited the car, and the three men surrounded Wallace. Shortly thereafter, two of Wallace's friends, the victim Michael Ziegler and Brandon Germany, arrived at the scene. No violence occurred during this confrontation.
>
> Wallace then left the scene with a friend, followed 30 minutes later by Ziegler, Germany, and two other men, driving a gold Ford Taurus. After dropping off the other men at an acquaintance's house, Ziegler and Germany stopped briefly at a motel party, and then drove to the home of a friend, Janae Nixon. Ziegler parked on the street, and, according to Germany's testimony, [Muir's] maroon Toyota Camry with its lights turned out was also parked on that street. Codefendant Roberts was seated in the driver's seat of the Camry, [Muir] was in the passenger's seat and two other individuals were in the backseat. [Muir] sped past the victim's car, but returned 10 minutes later, at about 3:00 a.m., minus the two rear passengers. As [Muir's] car approached Nixon's home and the parked Taurus, Germany, Nixon and a second woman, Shena Beasley[,] were entering the Taurus. The victim already was seated at the wheel. With Germany in the passenger seat, the victim drove away, and [Muir] and Roberts, the driver of the Camry, followed. As Roberts sped past the Taurus, [Muir], seated in the backseat, fired into the victim's vehicle, striking Ziegler in the head and killing him.

St. Ct. R., Doc. No. 5-121, *Commonwealth v. Muir*, No. 1868 EDA 2005, slip. op. at 1–2 (Pa. Super. Aug. 23, 2006).

life sentences without the possibility of parole to be followed by a consecutive aggregate period of 21 to 42 years' imprisonment. *See id.* Muir timely filed post-sentence motions, which the trial court denied. *See id.* at 2–3. Muir then filed a notice of appeal to the Superior Court of Pennsylvania in July 2005. *See id.* at 3. In August 2006, the Superior Court affirmed Muir's judgment of sentence. *See id.* Although Muir did not directly follow the Superior Court's decision by filing a petition for allowance of appeal with the Pennsylvania Supreme Court, his rights to file such a petition were reinstated *nunc pro tunc*, and he filed a petition for allowance of appeal with the Pennsylvania Supreme Court in October 2011. *See id.* The Pennsylvania Supreme Court denied the petition in March 2012. *See id.*

After unsuccessfully challenging his convictions and sentence on direct appeal, Muir pursued collateral relief in the Pennsylvania state courts pursuant to Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. § 9541, *et seq.* ("PCRA"). *See id.* In December 2012, Muir filed a *pro se* PCRA petition. *See id.* In this petition, Muir asserted that he was entitled to PCRA relief because, *inter alia*, "[t]rial counsel failed to do a thorough and complete investigation as it would pertain to . . . Mr. [Larry] Phillips['] statement that he saw one of the Commonwealth's witnesses with a gun." St. Ct. R., Doc. No. 5-140, Dec. 18, 2012 Mot. for Post Conviction Collateral Relief ("PCRA Pet.") at 3.[2]

The PCRA court appointed Henry S. Hilles, III, Esq., to represent Muir in the prosecution of his PCRA petition on January 24, 2013. St. Ct. R., Doc. No. 5-14. Attorney Hilles filed multiple

---

[2] Muir also raised the following claims in his petition: (1) trial counsel was ineffective for failing to thoroughly investigate character witnesses and a 911 call; (2) trial counsel was ineffective for failing to object to the closing argument of counsel for Muir's co-defendant, when counsel indicated that Muir, and not the co-defendant, shot the victim; (3) trial counsel was ineffective for advising Muir not to testify because his prior criminal record would be used against him; (4) trial counsel was ineffective for requesting the wrong jury instruction, as it did not support the defense presented at trial; (5) trial counsel was ineffective for failing to interview crucial witnesses; (6) trial counsel was ineffective for failing to prepare and present an effective trial strategy; and (7) appellate counsel was ineffective for failing to properly review the transcripts in the record as they show the trial court did not conduct a colloquy with Muir prior to Muir waiving his rights to testify and call character witnesses. *See* PCRA Pet. at 3–4.

amended PCRA petitions on Muir's behalf. He filed his first amended PCRA petition on April 15, 2013. St. Ct. R., Doc. No. 5-52, Am. Pet. for Relief Pursuant to the Post Conviction Relief Act. In this amended petition, Attorney Hilles raised claims relating to (1) trial counsel's ineffectiveness relating to Muir not testifying on his own behalf, and (2) trial counsel's ineffectiveness in failing to speak to witnesses who would have offered potential exculpatory evidence on Muir's behalf, despite knowing of the existence of those witnesses. *See id.* at 3. Attorney Hilles also explained that he

> does not believe that the other issues raised by [Muir] require an evidentiary hearing at this time, although [Muir] has retained a private investigator who is attempting to interview witnesses who, [Muir] claims, Trial Counsel did not interview and who could have offered testimony that would have raised reasonable doubt at trial.

*Id.* at 4–5.

Attorney Hillis filed a second amended PCRA petition on May 30, 2013. St. Ct. R., Doc. No. 5-68, 2d Am. Pet. for Relief Pursuant to the Post Conviction Relief Act. In this second amended petition, Attorney Hillis indicated that after filing his amended petition, he received a 40-page brief Muir had prepared which elaborates on the issues raised in his original PCRA petition. *See id.* at 3. After receiving this document from Muir, Attorney Hillis then obtained leave to file the instant second amended petition. *See id.* In this second amended petition, Attorney Hillis included most of the same claims included in the amended petition except that he (1) elaborated on the claim relating to trial counsel's alleged ineffectiveness in investigating witnesses by claiming that trial counsel "made an insufficient effort prior to trial to properly investigate the case or speak with fact witnesses who could have offered potential exculpatory evidence despite being aware that such witnesses existed," and (2) added a claim that trial counsel was ineffective for failing to interview potential character witnesses who could have offered relevant character testimony at trial. *See id.* at 4.

4

Attorney Hillis submitted his third and final amended PCRA petition on September 30, 2013. St. Ct. R., Doc. No. 5-115, 3d Am. Pet. for Relief Pursuant to the Post Conviction Relief Act. In this third amended petition, Attorney Hillis indicated that it "fully replace[d] the first and second amended PCRA petitions." *Id.* at 3. As for the claims within the third amended petition, it only contained claims of alleged ineffectiveness by trial counsel with respect to Muir not testifying on his own behalf. *See id.* at 4–5.

The PCRA court held an evidentiary hearing on the third amended PCRA petition on January 22, 2014. *See* St. Ct. R., Doc. No. 5-22. Thereafter, the PCRA court allowed the parties to submit additional briefing, and Attorney Hillis filed a memorandum of law in support of the third amended PCRA petition on March 24, 2014. *See* St. Ct. R., Doc. No. 5-42, Mem. of Law in Supp. of Am. PCRA Pet. The memorandum of law included legal arguments relating only to Muir's decision not to testify at his trial. *See id.* at 3–8.

On May 22, 2014, the PCRA court denied the third amended PCRA petition. *See* St. Ct. R., Doc. No. 5-67. Attorney Hillis filed a petition to withdraw as counsel along with a no-merit letter required by *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) on June 23, 2014. *See* St. Ct. R., Doc. No. 5-81. Muir then timely filed an appeal to the Superior Court on June 26, 2014. *See* St. Ct. R., Doc. No. 5-82.

The PCRA court granted Attorney Hillis's petition to withdraw on July 2, 2014. *See* St. Ct. R., Doc. No. 5-95. Muir then filed objections to the order allowing Attorney Hillis to withdraw on July 18, 2014. *See* St. Ct. R., Doc. No. 5-97. On May 29, 2015, the Superior Court "conclude[ed] that the PCRA court was without jurisdiction to permit counsel to withdraw after [Muir] timely filed a notice of appeal" and remanded the case for the PCRA court to appoint new counsel for

Muir. *Commonwealth v. Muir*, No. 1970 EDA 2014, 2015 WL 6507982, at *2 (Pa. Super. Oct. 27,

2015). The PCRA court appointed new counsel on June 8, 2015. St. Ct. R., Doc. No. 5–80. Muir's

new counsel then filed a petition for leave to withdraw and a no-merit letter pursuant to

*Turner*/*Finley* with the Superior Court on July 20, 2015. *See Muir*, 2015 WL 6507982, at *2.

The Superior Court issued an unpublished decision affirming the PCRA's court's denial of

Muir's third amended PCRA petition. *See generally id.* at *1–9. In this decision, the court

addressed, *inter alia*, Muir's claim that his trial court was ineffective insofar as he failed to

adequately prepare for the defense of self-defense by investigating witnesses such as Larry

Phillips. *See id.* at *6. Regarding this claim, the Superior Court explained:

> With respect to Larry Phillips, Appellant argues that he "was a first responder to
> the scene of the shooting" and provided a statement to police that he "saw a guy
> standing on the sidewalk with a gun." Appellant's Brief at 27–28. Appellant's pro
> se PCRA petition requests that the Commonwealth turn over to him "the statement
> from Commonwealth witness Larry Phillips." PCRA Petition, 12/28/2012, at 6. Our
> review of the record finds no other reference to Larry Phillips. Notably, in the
> Turner/Finley letter prepared by Attorney Hilles, there is no indication Appellant
> brought this witness to counsel's attention. See Petition to Withdraw, 6/23/2014, at
> Exhibit A. In that petition, Attorney Hilles states that Appellant "asked [him] to
> raise six (6) specific issues" and attached a pro se brief to file. Id. Attorney Hilles
> went on to explain why each of the claims is without merit. Absent from the
> discussion of trial counsel's ineffective assistance for failure to call a potential
> witness is any reference to Larry Phillips. Moreover, Appellant's brief to this Court
> refers to Larry Phillips' statement to police as being in the reproduced record at
> page 17. Our review of the reproduced record reveals no page 17 of the reproduced
> record or any statement by Larry Phillips in it.

*Id.* at *7. Based on this explanation, the court determined that Muir waived any issue with respect

to Larry Phillips. *Id.*

Muir attempted to appeal from the Superior Court's decision by filing a petition for

allowance of appeal to the Pennsylvania Supreme Court on November 23, 2015. *See* St. Ct. R.,

Doc. No. 5-49. The Court denied the petition on March 8, 2016. *See id.*

Fairly soon after the Pennsylvania Supreme Court denied Muir's petition for allowance of appeal, Muir filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 on May 4, 2016.[3] *See* Doc. No. 1. Muir's habeas petition was assigned to the Honorable Jan E. DuBois, now retired. On May 26, 2015, Judge DuBois referred the case to the Honorable Lynne A. Sitarski for a report and recommendation. *See* Doc. No. 3.

On September 30, 2016, counsel entered an appearance on Muir's behalf, and Judge Sitarski granted Muir's request for leave to file an amended habeas petition. *See* Doc. Nos. 15, 16, 18. Muir filed an amended habeas petition on January 3, 2017. *See* Doc. No. 19. In the amended petition, Muir raised five claims for relief, all relating to the ineffective assistance of his trial counsel. *See* Am. Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at ECF pp. 8, 10, 12, 13, 16, Doc. No. 19. The five claims were: (1) counsel was ineffective for failing to present evidence to establish an imperfect self-defense; (2) counsel was ineffective for failing to interview and call Larry Phillips as a witness because it could have helped establish an imperfect self-defense; (3) counsel was ineffective for failing to give objectively reasonable advice to Muir that he should not testify on his own behalf because he could be impeached by his prior convictions; (4) counsel was ineffective for failing to request an imperfect self-defense jury charge; and (5) counsel was ineffective for failing to call and interview character witnesses despite knowing that they were willing and available to testify at trial. *See id.* at ECF pp. 8, 10, 12, 13, 16.

The respondents filed a response in opposition to the amended habeas petition on June 20, 2017. *See* Doc. No. 26. On July 20, 2017, Muir filed a motion to stay this case. *See* Doc. No. 27.

---

[3] Under the federal prisoner mailbox rule, a *pro se* prisoner's habeas petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, Muir included a certification indicating that he provided his habeas petition to prison officials for mailing on May 4, 2016, *see* Doc. No. 1 at ECF p. 64; as such, the court uses this date as the filing date.

This motion was based on Muir having filed a *pro se* PCRA petition asserting relief based on newly discovered evidence in the Court of Common Pleas of Montgomery County. *See* Pet'r's Mot. to Stay Am. Habeas Corpus Pet. at 1, Doc. No. 27. The respondents filed a response in opposition to the motion to stay on August 28, 2017. *See* Doc. No. 29.

Judge Sitarski filed a report which recommended that Judge DuBois deny the amended habeas petition without an evidentiary hearing on January 12, 2018.[4] *See* Doc. No. 31. In denying the petition, Judge Sitarski determined that Muir's claim that counsel was ineffective for failing to investigate and present the testimony of Larry Phillips was procedurally defaulted and the remainder of his ineffective assistance of counsel claims were meritless. *See* R. & R. at 11–25, Doc. No. 31.

With regard to Judge Sitarski's conclusion that Muir's claim about Larry Phillips was procedurally defaulted, Judge Sitarski explained that the Superior Court had relied on an independent and adequate state rule in concluding that Muir had waived any claim relating to Larry Phillips. *See id.* at 20. This rule was Pennsylvania Rule of Appellate Procedure 2119, which requires that "an appellant's brief 'direct the court's attention to the relevant section of the record necessary to assess a claim.'" *Id.* (quoting *Commonwealth v. Lesko*, 15 A.3d 345, 401 (Pa. 2011)). Judge Sitarski also noted that "[t]he Superior Court cited an additional reason [for finding waiver] as well: besides a single reference in [Muir's] *pro se* PCRA petition, the record contained 'no other reference to Larry Phillips.'" *Id.* at 20 n.10 (citing *Muir*, 2015 WL 6507982, at *7).

After explaining that this claim was procedurally defaulted, Judge Sitarski then analyzed whether Muir had demonstrated cause and prejudice or a fundamental miscarriage of justice which

---

[4] On the same date Judge Sitarski filed her report and recommendation, she entered an order denying Muir's motion to stay. See Doc. No. 32.

would excuse the procedural default.[5] *See id.* at 21. Judge Sitarski pointed out that Muir asserted that he had demonstrated cause and prejudice insofar as, under *Martinez v. Ryan*, 566 U.S. 1 (2012), PCRA counsel had abandoned him and his claims.[6] *See id.*

Judge Sitarski addressed Muir's *Martinez* claim and concluded that he failed to demonstrate that Attorney Hillis was ineffective and, as such, Muir's procedural default cannot be excused under *Martinez. See id.* at 22. Judge Sitarski explained that Attorney Hillis's filing of a no-merit letter did not qualify as deficient performance. *See id.* (citations omitted). Judge Sitarski also determined that Muir's ineffectiveness claim was insubstantial. *See id.* In particular, Judge Sitarski pointed out that trial counsel had reasonably concluded that pursuing a misidentification defense was the best defense strategy. *See id.* Thus, "[t]hat reasonable decision rendered interviewing and presenting Phillips, who arrived on the scene after the shooting, unnecessary." *Id.* (citation omitted). In addition, Judge Sitarski noted that Larry Phillips' statement would be inconsistent with Muir's imperfect self-defense theory and would be inconsistent with other

---

[5] To excuse a procedural default, a habeas petitioner must show cause and prejudice or a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

[6] In *Martinez*, the Court determined that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. The Court explained that

> when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (describing standards for certificates of appealability to issue).

*Id.* at 14.

witnesses who stated that no one in the car had a firearm on the night in question. *See id.* at 23. Judge Sitarski therefore concluded that "[b]ecause PCRA counsel was not ineffective, and because [Muir's] underlying ineffective assistance of trial counsel claim is not substantial, [Muir] cannot avail himself of *Martinez*'s narrow exception." *Id.*

Muir filed objections to Judge Sitarski's report and recommendation on January 25, 2018. *See* Doc. No. 33. On March 23, 2018, Judge DuBois entered an order overruling Muir's objections, approving and adopting the report and recommendation, denying the amended habeas petition, denying a request for an evidentiary hearing, and declining to issue a certificate of appealability. *See* Doc. No. 36.

Muir filed a *pro se* appeal from the denial of his amended habeas petition to the Third Circuit Court of Appeals on April 20, 2018. *See* Doc. No. 37. The Third Circuit entered an order declining to issue a certificate of appealability on September 12, 2018.[7] *See* Doc. No. 41. Muir

---

[7] In requesting that the Third Circuit grant a certificate of appealability, Muir claimed that the Third Circuit should issue it for the following reasons:

(a). The Issue Of Whether The District Court Erred In Not Finding Trial Counsel Rendered Ineffective Assistance of Counsel In Violation Of The Sixth Amendment For Incorrectly And Erroneously Advising Petitioner Not To Testify Because He Could Be Impeached By His Prior Convictions, Is Debatable Among Jurists Of Reason;

(b). The Issue Of Whether The District Court Erred In Not Finding Trial Counsel Rendered Ineffective Assistance Of Counsel In Violation Of The Sixth Amendment For Failing To Adequately Investigate And Present Available And Admissible Evidence In Support Of A Lesser Conviction For Voluntary Manslaughter Based Upon An Imperfect Self-Defense Theory, Is Debatable Among Jurists Of Reason;

(c). The Issue Of Whether The District Court Erred In Not Finding Trial Counsel Rendered Ineffective Assistance Of Counsel In Violation Of The Sixth Amendment For Failing To Request An Appropriate Jury Charge Instruction On "Imperfect Self-Defense"/Voluntary Manslaughter Under 18 Pa.C.S. §2503(B), Is Debatable Among Jurists Of Reason;

(d). The Issue Of Whether The District Court Erred In Not Finding Trial Counsel Rendered Ineffective Assistance Of Counsel In Violation Of The Sixth Amendment, For Failing To Interview And Call Larry Phillips, Who Would Have Testified Consistent With An Imperfect Self-Defense Theory, Is Debatable Among Jurists Of Reason; and

filed a petition for rehearing (both *en banc* and before the original panel) on November 13, 2018. *See* Docket, *Muir v. Superintendent Graterford SCI, et al.*, No. 18-1919 (3d Cir.). The Third Circuit denied the petition for rehearing on December 18, 2018. *See id.* Muir then filed a petition for a writ of certiorari with the United States Supreme Court on March 12, 2019. *See id.* The Court denied the petition on June 10, 2019. *See id.*

On January 14, 2021, Muir filed the instant motion to vacate judgment or order under Rule 60(b)(6) of the Federal Rules of Civil Procedure.[8] *See* Doc. No. 42. Muir also filed a motion for appointment of counsel which the clerk of court docketed on May 17, 2021. *See* Doc. No. 44. The respondents filed a response in opposition to the Rule 60(b)(6) motion on May 20, 2021. *See* Doc. No. 45.

Chief Judge Juan R. Sanchez reassigned this matter from Judge DuBois's calendar to the undersigned's calendar on July 22, 2021. *See* Doc. No. 50. Muir filed a reply brief in support of his Rule 60(b)(6) motion, which the clerk of court docketed on September 13, 2021. *See* Doc. No. 51. The Rule 60(b)(6) motion is ripe for disposition.

## II.   DISCUSSION

In the instant motion, Muir contends that he is entitled to relief because neither Judge Sitarski nor Judge DuBois conducted the proper analysis under *Martinez v. Ryan*, 566 U.S. 1 (2012), when analyzing his ineffective assistance of counsel claim predicated on his trial counsel's

---

(e). The Issue Of Whether The District Court Erred In Not Finding Trial Counsel Rendered Ineffective Assistance Of Counsel In Violation Of The Sixth Amendment, For Failing To Interview And Present Character Witnesses, Is Debatable Among Jurists Of Reason.

Pet. for Issuance of a Cert. of Appealability from the Denial of Pet'r's Appl. for Writ of Habeas Corpus Filed Pursuant to 28 U.S.C. § 2254 Under 28 U.S.C. § 2253(c) & Rule 22(B) of the Fed.R.A.P. at 3–4, *Muir v. Superintendent Graterford SCI, et al.*, No. 18-1919 (3d Cir.).

[8] Although the clerk of court did not docket the motion until January 21, 2021, it appears Muir had provided the motion to prison officials for mailing on January 14, 2021. *See* Doc. No. 42 at ECF p. 32. Thus, the court uses January 14, 2021, as the filing date pursuant to the prisoner mailbox rule.

failure to interview and call Larry Phillips ("Phillips") as a defense witness. *See* Mot. to Vacate J. or Order Pursuant to Fed. R. Civ. P. 60(b) ("Mot.") at 1–2, Doc. No. 42. He argues that Judges Sitarski and DuBois erred in "placing responsibility for raising trial court's ineffectiveness on [him], rather than on PCRA counsel as required by *Martinez*." *Id.* at 5.

With regard to Phillips' possible relevancy to his case, Muir asserts that

> Phillips was a first responder to the scene of the shooting and provided a statement to the police he "saw a guy standing on the sidewalk with a gun." This statement was significant, as Larry Phillips['] account that "he saw a person on the sidewalk with a gun, walking toward the car" and Phillips assumed the person with the gun "was with the guy who was shot," supported an imperfect self-defense theory in this case and presented Petitioner with the viable defense that was never explored or investigated by trial counsel.

*Id.* at 2.

Muir contends that he informed his initial PCRA counsel, Attorney Hillis, via a letter, that he wanted him to raise an ineffective assistance of counsel claim against his trial counsel for the failure to investigate evidence showing that the victim was killed in self-defense "under an 'imperfect self-defense' theory." *See id.* at 2–3 & Ex. A. Muir asserts that he had included this claim in his *pro se* PCRA petition, but Attorney Hilles had not included it in his amended PCRA petition. *See id.* at 3 & Ex. A.

Attorney Hillis responded to Muir's request by stating in a letter: "I recognize that there are additional issues that you would like to pursue and, more importantly, the record is clear in that regard." *Id.* at 3 & Ex. B. Attorney Hillis also stated that "[t]he present posture of the case is that the Commonwealth will be filing a brief in response to my brief after which Judge Bertin will render a decision with respect to the issues litigated at that hearing." *Id.* at 3 & Ex. B. Muir contends that this latter statement by Attorney Hillis misled him "into believing he could not supplement the Amended PCRA petition filed by counsel to incorporate this claim." *Id.* at 3. He also contends

that Attorney Hillis "mistakenly believed that the record was sufficient to preserve and not waive the additional pro se claims [Muir] wanted raised but were not contained in the counseled Amended petition." *Id.* at 3–4. Instead of preserving the claim relating to Phillips, Muir notes that the Superior Court found the claim waived and that Judge Sitarski and Judge DuBois determined that the claim was procedurally defaulted. *Id.* at 4–5.

The respondents oppose the court granting Muir relief under Rule 60(b)(6). *See generally* Doc. No. 45. They argue that the court should deny the motion because Muir failed to timely file it within a reasonable time. *See* Resp. to Pet'r's Mot. for Relief Under Fed. R. Civ. P. 60(b)(6) ("Resp.") at 1, 4, Doc. No. 45. They also argue that Muir is improperly attempting to seek relief under Rule 60(b)(6) because he is essentially attempting to substitute this motion for an appeal of his habeas denial. *See id.* at 1, 5. They point out that there is no reason why Muir could not have included his argument about the court improperly applying *Martinez* when he applied for a certificate of appealability with the Third Circuit after Judge DuBois had denied him habeas relief. *Id.*

Muir has replied to the respondents' opposition brief by asserting that his motion is not an unauthorized second or successive section 2254 motion.[9] *See* Pet'r's Reply to Resp't's Resp. to Pet'r's Mot. for Relief Under Fed. R. Civ. P. 60(b)(6) ("Reply") at 3–5, Doc. No. 51. Muir also claims that the motion is timely because "he filed it shortly after the Supreme Court of the United States' denial of a writ of certiorari of his appeal on June 10, 2019." *Id.* at 6. On the timeliness issue, Muir indicates that he began preparing his motion "immediately" after receiving the Supreme Court's decision. *Id.* He also asserts that he believed that his time for filing a Rule 60(b)

---

[9] Muir had also included an argument on this issue in his original motion. *See* Mot. at 9–12. The respondents have not claimed that Muir's Rule 60(b)(6) motion is an improperly filed second or successive section 2254 petition. *See generally* Doc. No. 45.

motion would be tolled while he awaited a decision by the Supreme Court. *Id.* He also notes that the Pennsylvania Department of Corrections went into a COVID-19 lockdown that did not allow him "access to essential law library services." *Id.* at 6–7. He also contends that his mistaken belief – that he had to wait until the Supreme Court denied his writ of certiorari before filing this motion – should excuse any delay in filing the motion. *Id.* at 7–8. (citing *Murray v. Diguglielmo*, Civ. A. No. 09-4960, 2016 WL 3476255 (E.D. Pa. June 27, 2016)).

The court will analyze the instant motion by first determining whether Muir is filing a true Rule 60(b) motion and not an unauthorized second or successive section 2254 motion over which this court would lack jurisdiction. The court will then analyze whether Muir timely filed the motion. Next, the court will determine whether the court lacks jurisdiction over the motion insofar as Muir is raising a claim that was included or could have been included in his appeal from the denial of his amended habeas petition. Finally, the court will address whether, even if the court had jurisdiction, Muir's claim has any merit.

A.      <u>**Whether the Motion is a True Rule 60(b) Motion or an Unauthorized Second or Successive Habeas Petition**</u>

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c), in turn, provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of the order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. Fed. R. Civ. P. 60(c).

Because this is a federal habeas action, the court must evaluate whether the instant Rule 60(b) motion is actually an unauthorized second or successive habeas petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates that before a state prisoner may file a second or successive habeas petition in which the prisoner challenges a judgment of sentence that the prisoner previously challenged in a federal habeas action, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see, e.g.*, *Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010) ("If an application [for a writ of habeas corpus] is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court."); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014) (interpreting motion to recall mandate and reinstate direct appeals as successive habeas motion); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam) (addressing requests for authorization to file successive habeas petition under section 2254 to raise claims under *Miller v. Alabama*, 567 U.S. 460 (2012)). Importantly, AEDPA's allocation of "gatekeeping"

responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("The long and short of it is that [the petitioner] neither sought nor received authorization from the Court of Appeals before filing his . . . 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."). A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that the petitioner designates as a Rule 60(b) motion. *See Sutton v. Commonwealth*, Civ. A. No. 17-109 Erie, 2018 WL 4599825, at *2 (W.D. Pa. Sept. 25, 2018) (explaining that "the Petitioner could not avoid AEDPA's second or successive gatekeeping mechanism[,] by simply designating a filing as a Rule 60(b) motion" (internal quotation marks and citations omitted)); Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2021) (explaining that "a [habeas] petitioner is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is" (citation omitted)).

The starting point for analyzing whether the instant motion is actually an unauthorized second or successive habeas petition is *Gonzalez v. Crosby*, 545 U.S. 524 (2005). In *Gonzalez*, the Supreme Court addressed the circumstances in which the use of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, consequently, unavailable to a state prisoner seeking habeas relief.[10] 545 U.S. at 526 (addressing "whether, in a [section 2254] habeas case, such motions are subject to the additional restrictions that apply to 'second or successive' habeas corpus petitions under [AEDPA], codified at 28 U.S.C. § 2244(b)"). The Court explained

---

[10] Rule 60(b), like the rest of the Federal Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted; alteration in original) (quoting now-Rule 12 of the Rules Governing Section 2254 Cases).

that federal courts must construe a Rule 60(b) motion as a "second or successive habeas corpus application" when it advances "one or more 'claims.'" *Id.* at 531–32 (quoting 28 U.S.C. § 2244(b)(1), (2)). The Court observed that "[i]n most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* at 532. In addition, the Court instructed that a petitioner is actually advancing a habeas claim in a Rule 60(b) motion if the petitioner "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion seeking to present newly discovered evidence in support of a claim that the court previously denied represents a habeas claim. *Id.* In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532, n.4.

Here, Muir is challenging the court's denial of one claim in his habeas petition on procedural default grounds. As such, the court generally construes his argument as procedural and not as a "new" claim for relief. *See Gonzalez*, 545 U.S. at 532, n.4 ("The term 'on the merits' has multiple usages. We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as

failure to exhaust, procedural default, or statute-of-limitations bar."). Therefore, Muir's Rule 60(b)(6) motion is not a second or successive section 2254 petition, and the court will proceed with analyzing the motion.

### B.      Whether Muir's Rule 60(b)(6) Motion Is Timely

As indicated above, the respondents assert that the court should deny Muir's Rule 60(b)(6) motion because it is untimely. *See* Resp. at 1, 4. A party must move for relief under Rule 60(b)(6) "within a reasonable time." *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). The respondents argue that Muir has failed to file his motion within a reasonable time. *See* Resp. at 4.

Muir appears to acknowledge that the instant motion is untimely but contends that the court should follow the decision in *Murray v. Diguglielmo*, Civ. A. No. 09-4960, 2016 WL 3476255 (E.D. Pa. June 27, 2016) and excuse any delay in filing this motion. In *Murray*, the petitioner argued that his Rule 60(b) motion was timely because he filed it within a year of the Supreme Court's denial of a writ of certiorari. *Murray*, 2016 WL 3476255, at *2. In addressing this argument, the Honorable C. Darnell Jones, II, explained that the petitioner was "mistaken about when the clock starts ticking," as the time ran from the entry of the judgment complained of and was not tolled by any appeal. *Id.* (citing *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1346 n.5 (3d Cir. 1987)). Since the petitioner did not file the Rule 60(b) motion until three years after the entry of the judgment denying his habeas petition, Judge Jones concluded that the motion was untimely. *Id.*

Nonetheless, Judge Jones found that the delay was reasonable. *Id.* at *3. Judge Jones explained that "Petitioner has clearly stated the reason for the three[-]year delay: his mistaken

assumption that an appeal tolled the time. While incorrect legally, that is understandable, logically. Given Petitioner's pro se status, the Court defers to his logic." *Id.* Judge Jones then proceeded to address the merits of the petitioner's Rule 60(b) motion. *See id.*

Here, the situation is similar to the facts of *Murray*. Muir filed the instant motion almost three years after Judge DuBois entered an order denying Muir's habeas petition on March 23, 2018. In addition, Muir is claiming that he was mistaken regarding the time to file a Rule 60(b) motion. *See* Reply at 7 ("As with *Murray*, Petitioner in this case was pro se and was also mistaken on the belief of when his Rule 60(b) Motion should have been filed.").

The court's concern with the instant case, unlike what occurred in *Murray*, is that Muir never attempted to address the timeliness of this motion in his initial submission; instead, he mentioned only the Rule's language regarding timeliness.[11] *See* Mot. at 11 ("A Rule 60(b)(6) must be made within a 'reasonable time after the entry of the judgment or order or the date of the proceeding.'" (citing Fed. R. Civ. P. 60(b)). Only after the government challenged the timeliness did Muir claim to be mistaken about the time for filing the motion. In addition, he did not file the motion for more than 18 months after the Supreme Court denied his petition for a writ of certiorari, whereas the petitioner in *Murray* filed it within one year after the Court denied his petition. Nonetheless, because Muir is proceeding *pro se* and because he is asserting that the Department of Corrections' COVID-19 lockdown impeded his use of the law library, the court finds that the delay was reasonable and will not deny the Rule 60(b)(6) motion as untimely filed.

---

[11] In *Murray*, the petitioner claimed that the Rule 60(b) motion was timely because he filed it within one year of the Supreme Court's denial of his petition for a writ of certiorari. *See* Mot. to Alter or Amend J. at 3, *Murray v. Diguglielmo*, Civ. A. No. 09-4960 (E.D. Pa.), Doc. No. 50 ("[T]he instant motion is filed within one year of the United States Supreme Court's decision not to grant certiorari. Therefore, this Honorable Court may consider the instant motion as its timeliness is not at issue."). Unlike what occurred here, Murray neither argued that he was mistaken relating to the timing of the motion nor claimed that the court should excuse his late filing on that basis. *See id.* Instead, Judge Jones determined that Murray was mistaken based on his incorrect statement that he had one year after the Supreme Court denied certiorari to file his Rule 60(b) motion.

**C.      Whether This Court Has Jurisdiction to Consider This Claim Because Muir's Claim Was Included Or Includable In His Appeal From The Denial Of His Amended Habeas Petition**

Muir's Rule 60(b)(6) motion comes to the undersigned in a somewhat different posture than a typical Rule 60(b) motion as he is complaining about a purported error that the court made in March 2018, and he has already unsuccessfully appealed from that decision. In this situation, district courts are "without jurisdiction to alter the mandate of [the Third Circuit] on the basis of matters included or includable in [the party's] prior appeal." *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982) (citations omitted); *see also Bernheim v Jacobs*, 144 F. App'x 218, 222 (3d Cir. 2005) (explaining that "[r]ead together, [*Standard Oil v. United States*, 429 U.S. 17 (1976]] and *Seese* distinguish between a Rule 60(b) motion based on matters that were within the court on appeal, which may not be reviewed subsequently by the district court, and a Rule 60(b) motion based on matters that come to light after the appellate court has issued a decision, which properly may be reviewed by the district court"). In this regard, "Rule 60(b) is not a substitute for an appeal." *Page v. Schweiker*, 786 F.2d 150, 154 (3d Cir. 1986) (citation omitted).

Here, Muir is claiming that Judges Sitarski and DuBois applied the wrong standard under *Martinez* when deciding whether to excuse the procedural default of his claim relating to Phillips. This type of argument – that a judge applied the wrong standard of review for a claim – is surely one that was "includable" in his direct appeal to the Third Circuit, and there is no indication that it turned on any event which occurred after the Third Circuit denied his motion for a certificate of appealability.[12] *See Bernheim*, 144 F. App'x at 223 ("All the legal error arguments presented to the District Court in the Rule 60(b) motion were 'includable' in Bernheim's prior appeal and did not turn on events that occurred after the appeal was dismissed. Accordingly, under *Seese*, the

---

[12] It is arguable whether the claim would have been included if Muir had fully briefed his claims raised in his motion for a certificate of appealability as he did complain that the district court erred in denying his claim relating to Phillips.

District Court lacked jurisdiction to entertain the 'legal error' aspect of Bernheim's motion."). In addition, although the respondents clearly raised this jurisdictional issue in their opposition brief, Muir does not address this issue in his reply brief. Thus, he has not, and seemingly cannot, suggest that this issue relating to the court purportedly applying the wrong standard under *Martinez* only came to light after the Third Circuit denied his motion for a certificate of appealability. Accordingly, as the instant claim is one that was includable in Muir's appeal to the Third Circuit, this court lacks jurisdiction to consider Muir's Rule 60(b)(6) motion. *See Pallante v. Those Certain Underwriters at Lloyd's London*, Civ. A. No. 17-1142, 2019 WL 2024951, at *3 (E.D. Pa. May 8, 2019) ("As in *Bernheim*, the arguments Pallante raises in her Rule 60(b) motion were all includable in her appeal to the Court of Appeals. Pallante's physical and mental health problems, lack of counsel, and this court's allegedly erroneous decisions were issues available and known to her at the time she filed her notice of appeal on September 11, 2018. She does not, and cannot, suggest that these issues had come to light after the appellate court has issued a decision. She has now forfeited the opportunity to bring this Rule 60(b) motion[.]" (internal quotation marks and citations omitted); *see also McCollister v. Cameron*, Civ. A. No. 11-525, 2014 WL 4055821, at *3 (E.D. Pa. Aug. 14, 2014) ("Here, Mr. McCollister appealed the January 30, 2012 dismissal of his *habeas corpus* petition to the Court of Appeals for the Third Circuit, which denied the appeal. The claims presented in this motion for Rule 60(b) relief are based on matters that were already before the Court of Appeals, and rejected. The motion may not be used as a substitute for an appeal. Accordingly, because this court lacks the jurisdiction to review the claims in this motion, I will dismiss it with prejudice.").

D.        **Whether, Even If The Court Had Jurisdiction, Muir's Claim Has Merit**

Even if the court had jurisdiction to consider Muir's claim that Judges Sitarski and DuBois applied the wrong standard when analyzing whether his procedurally defaulted claim should be excused under *Martinez*, the claim is meritless because it is based on a fundamental misunderstanding of what occurred in this case and the applicable law. As indicated above, Muir contends that Judges Sitarski and DuBois erred because they allegedly placed the burden of raising trial counsel's ineffectiveness on him rather than on Attorney Hillis, as required by *Martinez*. He relies on the Third Circuit's decision in *Mack v. Superintendent Mahanoy SCI*, 714 F. App'x 151 (2017) in support of his argument that the burden was improperly placed on him to raise his ineffectiveness claim at the initial PCRA proceeding. Mot. at 16–18. Unfortunately for Muir, *Mack* is inapplicable to his claim here and he is mistaken regarding Judges Sitarski and DuBois placing the wrong burden on him.

With regard to *Mack*, in that case the district court had adopted a report and recommendation which had concluded that a claim raised in a habeas petition was procedurally defaulted and could not be excused under *Martinez* because the habeas petitioner had the opportunity to raise the claim before the PCRA court after the petitioner's counsel had received permission to withdraw from the case, and failed to do so. 714 F. App'x at 152. The Third Circuit reversed this decision by the district court, pointing out that the "inquiry [under *Martinez*] focuses on whether *counsel*, not the prisoner, raised the ineffective assistance of counsel claim at the initial-review collateral proceeding." *Id.* at 153 (citing *Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014)). The Third Circuit explained that because the "responsibility [for raising a claim of ineffective assistance of trial counsel] rests with PCRA counsel, [the Third Circuit] ha[s] applied *Martinez* to excuse a procedural default when such counsel has failed to raise an ineffective assistance of

counsel claim." *Id.* (citing *Bey v. Superintendent Greene SCI*, 856 F.3d 230, 243–44 (3d Cir. 2017)). The Third Circuit then determined that the district court erred in not applying *Martinez* because "*Martinez* may still excuse the default if Mack's PCRA counsel was ineffective for filing a no-merit letter and not raising Mack's ineffective assistance claim regarding plea counsel." *Id.* at 154.

Contrary to Muir's argument, *Mack* has no applicability to this case. As indicated above, the district court in *Mack* did not analyze whether *Martinez* could excuse the procedural default. Here, on the other hand, Judge Sitarski did apply *Martinez* to determine whether Muir's procedurally defaulted claim could be excused by Attorney Hillis's ineffectiveness and determined that it could not be excused. *See* R. & R. at 21–23.

In addition to *Mack*'s lack of applicability, Muir is mistaken about what occurred in this case insofar as he claims that Judge Sitarski placed a burden on him to assert trial counsel's ineffectiveness during the initial collateral review. Muir has not identified any portion of the report and recommendation where Judge Sitarski placed the burden on Muir to assert a claim that **trial counsel** was ineffective for failing to investigate and call Phillips. He has not and cannot do so because at no point did Judge Sitarski indicate in the report and recommendation that the burden was on Muir to raise the ineffectiveness claim during the initial collateral review for *Martinez* to apply.

It appears that Muir bases this claim on Judge Sitarski's conclusion that he "has not demonstrated that he had ineffective counsel during the initial phase of his PCRA proceedings, and, thus procedural default cannot be excused under *Martinez*." Mot. at 19 (quoting R. & R. at 22). This statement does not indicate that Judge Sitarski placed a burden on Muir to demonstrate that his trial counsel was ineffective; instead, it properly indicated that Muir failed to sustain his

burden to show that ***PCRA counsel was ineffective*** so as to excuse the procedural default of his claim. *See Martinez*, 566 U.S. at 14 ("To overcome the default, ***a prisoner must also demonstrate*** that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one . . . ." (emphasis added)); *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984) ("When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness."); *see also McClure v. Pennsylvania*, Civ. No. 3:20-cv-2142, 2021 WL 1264289, at \*7 (M.D. Pa. Apr. 6, 2021) ("To the extent petitioner seeks to use PCRA counsel's alleged ineffectiveness as 'cause' to excuse procedural default of his unexhausted ineffective assistance claims, he has not met his burden of proof or persuasion."). Accordingly, as *Mack* does not support Muir's claim and the factual basis underpinning the claim is fundamentally flawed, Muir's claim lacks merit and he would not be entitled to relief in this motion even if the court had jurisdiction to consider it.

### III.   CONCLUSION

For the reasons discussed above, Muir has failed to demonstrate that he is entitled to relief from Judge DuBois's March 23, 2018 order, which denied his section 2254 habeas petition Therefore, the court will deny the motion. The court will also deny Muir's request for the appointment of counsel.[13] The court will also not issue a certificate of appealability because Muir

---

[13] Muir is not entitled to the appointment of counsel in the prosecution of this Rule 60(b) motion. Nonetheless, the court recognizes that the court could exercise discretion and appoint counsel to Muir if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); *Reese v. Fulcomer*, 946 F.2d 247, 263–64 (3d Cir. 1991) (referencing 18 U.S.C. § 3006A(a)(2), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d). The court may appoint counsel if "the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263–64 (citation omitted).

Here, Muir presents a single claim, that, as discussed in this opinion, the court lacks jurisdiction to address and, even if the court had jurisdiction, lacks merit. Thus, the court denies the request for counsel on this reason alone. *See Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993) (explaining that in deciding whether to appoint counsel, the court must "consider as a threshold matter the merits of the plaintiff's claim"); *see also Mayer v. Corbett*, 186 F. App'x 262, 264 (3d Cir. 2006) (per curiam) (denying motion for appointment of counsel because appellant "has not made a threshold showing that his appeal has arguable merit in fact and law" (citing *Tabron*)). The court also notes that even if Muir had satisfied this initial threshold, the issue he presents is not complex, and the court does not find that the

has neither made "a substantial showing of the denial of a constitutional right," 28 U.S.C. §
2253(c)(2), nor "demonstrate[d] that reasonable jurists would find [this court's] assessment of the
constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert
v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004).

      The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

appointment of counsel would benefit Muir or the court. Muir has articulated his claim "coherently and forcefully,"
even though he is ultimately legally and factually mistaken.